11509. WASHINGTON *v.* THE STATE.

BLOODWORTH, J. There is no merit in any of the special grounds of the motion for a new trial; the evidence is ample to support the verdict, which is approved by the trial judge, and the judgment is
　　　　　　　*Affirmed. Broyles, C. J., and Luke, J., concur.*
DECIDED JULY 13, 1920. REHEARING DENIED JULY 29, 1920.

Conviction of assault with intent to rape; from Emanuel superior court — Judge Hardeman.   April 5, 1920.

As to the argument of counsel the court instructed the jury as follows:  " In determining the guilt or innocence of the defendant the court instructs you now that the opinion of counsel in the case is not to control you at all.   Assertions by counsel, either way, about a party's guilt or innocence is a matter that the jury has no right to consider.   The jury passes on the evidence; the province of counsel is to discuss the evidence and not express any opinion about what its conclusion ought to be; that is for the jury to pass on."   Error in so charging is alleged in the motion for a new trial, the movant contending that the court thereby curtailed the right of argument of counsel for the movant, and that it was violative of the provisions of the constitution of this State that " No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State in person, by attorney, or both " (art. 1, sec. 1, par. 4), and that " Every person charged with an offense against the laws of this State shall have the privilege and *benefit* of counsel " (art. 1, sec. 1, par. 5).   In a note to this ground of the motion the judge states that the charge complained of therein was given because the solicitor-general, at the conclusion of his argument, expressed his personal opinion that the defendant was guilty, and the defendant's counsel objected to this expression of opinion and moved for a mistrial.

On the presumption of innocence the court charged as follows: " Under the law of this State every man who is charged with crime, when he pleads not guilty, is presumptively not guilty. That is a presumption of law, that he is not guilty.   That is not a conclusive presumption.   If it was, that would end the case as a matter of course.   That is a mere prima facie presumption, what is known as a rebuttable presumption.   There are presumptions of law and presumptions of fact; that is a presumption of law as to his innocence."   It is alleged that this was error because the doctrine as to the presumption of innocence is not stated therein as clearly and correctly as the movant was entitled to have it presented, and it tended to confuse the jury and failed to safeguard the interests of the accused to the degree that the law demands.

*Alfred Herrington Jr.,* for plaintiff in error.

*Walter F. Gray, solicitor-general,* contra.